**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.                                                                      **Case No: 6:25-cv-2205-RBD-DCI**

**JERRY NUNEZ ALCANTARA,**

      **Defendant.**

_____

### ORDER

On February 2, 2026, the Clerk entered default against Defendant pursuant to Federal Rule of Civil Procedure 55(a). Doc. 17. Pending before the Court is Plaintiff's Motion for Default Judgment brought pursuant to Rule 55(b). Doc. 19 (the Motion). The Motion is unopposed but is due to be denied.

As an initial matter, Plaintiff has attached a proposed order of final judgment to the Motion which is prohibited under Local Rule 3.01(k) ("Unless otherwise permitted by these rules, no party in a civil action may submit a proposed judgment or other order without leave). Plaintiff does not have leave to submit the proposed judgment or order and, therefore, the Motion violates the Local Rules.

The Motion is also deficient. Before entering default judgment, the Court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] It is

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Plaintiff's burden to address the elements of the causes of action and the specific, well-pled facts in the operative complaint that satisfy each of those elements.

Here, the Court questions the nature of Plaintiff's claims and the requested default. In the Complaint, Plaintiff does not separately identify a "cause of action" or delineate a count for relief but rather provides a "Statement of Claim." Doc. 1. As to that claim, Plaintiff alleges that it brings the action "due to non-payment of a promissory note **and** loan authorization agreement" and "[a]s a direct and proximate result of the defaults under the Note **and** Agreement by [Defendant], the [Plaintiff] has been damaged." Doc. 1 at 4 (emphasis added). While Plaintiff never uses the word "breach" in the pleading, it, therefore, appears that Plaintiff brings at least one claim for breach of contract based on Defendant's execution of both the note and the loan agreement. *See id*. at 1 to 5.[2]

It is not so clear in the Motion, however, whether Plaintiff claims Defendant is liable due to the breach of the loan agreement. Plaintiff states that it filed the complaint against Defendant to recover $35,830.86 as the "defaulted amount owed on the Note by the Defendant following a loan obtained with the SBA." Doc. 19 at 1. Plaintiff then states specifically that Defendant is in breach of the **note**. Doc. 19 at 4. Plaintiff references both the note and the loan agreement, but does not directly state that Defendant is also in breach of the loan agreement. *See id*.

Based on the foregoing, it is not clear if Plaintiff has abandoned a claim that Defendant is liable for breach of the loan agreement. Relatedly, the review of the Complaint along with Plaintiff's statements in the Motion leaves the Court questioning whether Plaintiff brings only one claim for breach of contract based on Plaintiff's alleged default of both the note and the loan

---

[2] In the Motion, Plaintiff provides the elements for a breach of contract under Florida law in support of the request. *Id*. at 3.

agreement, or if Plaintiff attempts to plead two separate causes of action. If Plaintiff means to bring two claims for breach of contract, then it is unclear why Plaintiff seems to represent that Defendant breached only the note in the request for default judgment. *See* Doc. 19 at 4. If Plaintiff brings only one claim for breach of contract based on both the note and the loan agreement, it is equally unclear why Plaintiff now contends that Defendant is liable for the breach of the note alone.

Crucially, if it is Plaintiff's intention to include two causes of action for breach of contract—one based on the note and the other based on the loan agreement—then it appears that the Complaint should be dismissed as a shotgun pleading because Plaintiff does not separate the causes of action into separate counts in compliance with Federal Rules of Civil Procedure 8 and 10.[3]

In sum, the Court is not satisfied that Plaintiff has adequately discussed the well-pled facts and how they relate to the elements of the causes of action based on a comparison of the Motion with the Complaint, a pleading that requires the reader to infer that Plaintiff brings a claim for breach of contract.

---

[3] A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), to "give the defendant fair notice of what the. . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "A complaint that fails to comply with Rules 8 and 10 may be classified as a shotgun pleading." *Luft v. Citigroup Global Markets Realty Corp.*, 620 F. App'x 702, 704 (11th Cir. 2015) (internal quotation omitted). There are four basic categories of shotgun pleadings: 1) those in which "each count adopts the allegations of all preceding counts;" 2) those that do not re-allege all preceding counts but are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" 3) **those that do not separate each cause of action or claim for relief into a different count**; and 4) those that assert multiple claims against multiple defendants without specifying which applies to which. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015).

Further, the Motion is deficient because Plaintiff provides a barebones analysis and basis for the relief sought.  Whether Plaintiff brings one or two causes of action for breach of contract, it is not clear why the Court should apply Florida law to find liability.  In support of the request for default, Plaintiff cites only to *Beck v. Lazard Freres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999), which sets forth the elements of a Florida breach of contract claim.  Doc. 19 at 3.  Plaintiff, however, does not state in the Complaint that any claim is brought pursuant to the state law.  *See* Doc. 1.  Without a more thorough analysis of the applicable elements of Plaintiff's one or two causes of action and the relevant law, the Court is not satisfied that entry of default judgment is appropriate or that the Court even has jurisdiction.  *See United States ex. rel. Phoenix Metals Co. v. Worthfab, LLC*, 2020 U.S. Dist. LEXIS 118796, at *2 (M.D. Fla. July 7, 2020) (denying without prejudice a motion for default judgment because the plaintiff did not discuss the elements for each claim, provide citations to authority as to these elements, and support each element by pinpoint citation to the factual allegations in the complaint)

Finally, Plaintiff has attached an "Invoice" and states that it is entitled to recover the "costs in this proceeding and the following statutory costs for the litigation[.]" *Id*. at 6, 11.  It appears Plaintiff requests that the Court find that Plaintiff is entitled to the "Bill of Costs" and order the amount due.  *See id*. at 6.  The Court, however, finds that the request is premature.  As one court in this District explained in its denial of a defendant's motion for costs:

> Despite the fact that 28 U.S.C. § 1920 allows the Court or the clerk to tax costs, Federal Rule of Civil Procedure 54(d)(1) makes plain the Clerk taxes initially. Commentators have observed 'the function of the court [pursuant to Rule 54(d)(1)] in the process of taxing costs is merely to review the determination of the clerk. Therefore, nothing normally can come before the court until the clerk has acted and an objection has been made.' 10 Wright & Miller, Federal Practice And Procedure § 2679 (4th ed. 2018); *accord Sharon v. Yellow Freight Sys., Inc.*, 985 F. Supp. 1274, 1275 (D. Kan. 1997) (the clerk taxes the costs; the court reviews de novo the clerk's assessment of costs). A 'motion to tax costs' runs counter to Rule

54(d)(1), insofar as a 'motion' is '[a] request for a court order,' as opposed to a bill of costs, which is what is required for the taxation of costs. Fed. R. Civ. P. 7(b).

*Amiel v. Lakeland Reg'l Med. Ctr., Inc.*, 2019 WL 2552595, at *1 (M.D. Fla. Apr. 3, 2019).

In accordance with this guidance, the Court finds that Plaintiff's request to include costs within the final judgment is improper. If the Court enters judgment in Plaintiff's favor, then Plaintiff may then file a bill of costs pursuant to Rule 54(d)(1).

Accordingly, it is **ORDERED** that:

1.  the Motion (Doc. 19) is **DENIED** without prejudice**;** and

2.  if Plaintiff renews the request for relief, Plaintiff must specify if it intends to bring one or two causes of action for breach of contract and identify under which law the claims are brought and, if appropriate, address whether default judgment should be entered as to all claims. If Plaintiff brings two causes of action, then Plaintiff must also show cause why the Complaint should not be dismissed as a shotgun pleading.

**ORDERED** in Orlando, Florida on March 25, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE